# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:21-CV-00136-KDB

| | |
|---|---|
| PATRICIA GRANTHAM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br><br>　　　　Defendant. | ORDER |

**THIS MATTER** is before the Court on Plaintiff Patricia Grantham's Motion for Summary Judgment (Doc. No. 13) and Defendant's Motion for Summary Judgment (Doc. No. 14). Ms. Grantham, through counsel, seeks judicial review of an unfavorable administrative decision denying her application for a period of disability and disability insurance benefits under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

## I.　BACKGROUND

On September 11, 2018, Plaintiff applied for benefits under Title II of the Social Security Act, alleging that she had been disabled since March 10, 2017. (Tr. 11, 198-204.) Plaintiff's application was denied both on its first review and upon reconsideration. (Tr. 128-131, 135-142.) After conducting a hearing on January 9, 2020, Administrative Law Judge Gregory Wilson

("ALJ") denied Plaintiff's application in a decision dated February 24, 2020. (Tr. 11-25). The ALJ found that Plaintiff was not disabled because she could perform other work as a production assembler, and chaperone, house parent. (Tr. 24-25).

Plaintiff requested review of the ALJ decision. On March 10, 2021, the Appeals Council denied Plaintiff's request for review and thus the ALJ's decision now stands as the final decision of the Commissioner. Plaintiff has timely requested judicial review under 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine whether Plaintiff was disabled under the law during the relevant period.[1] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since her alleged onset date; and at step two that she had the following medically determinable and severe impairments: degenerative disc disease of the cervical spine and lumbar spine, carpal tunnel syndrome, degenerative joint disease of the right knee and status post right shoulder rotator cuff repair. (20 C.F.R. 404.1520(c). (Tr. 15-17). At step three, the ALJ found that none of Plaintiff's impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526). (Tr. 17-18).

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

The ALJ then determined that Plaintiff had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform "light" work as defined in 20 C.F.R. 404.1567(b) except lifting 20 pounds occasionally and 10 pounds frequently; can stand six of eight hours; walk six of eight hours; sit six of eight hours; pushing and pulling in the upper and lower extremities would be frequent with regard to right extremity; occasional ladders, ropes, scaffolds, ramps, stairs, balancing, stooping, kneeling, crouching and crawling; overhead reaching with right upper extremity is frequent; frequent handling and fingering; avoid concentrated exposure to vibration and hazards.

At step four, the ALJ found that Plaintiff could perform her past relevant work as a production assembler (706.687-010, SVP 2, light, light as performed), and chaperone, house parent (359.677-010, SVP 3, medium, light as performed). (Tr. 24-25). Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act from March 10, 2017, through the date of his decision.

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Bird v. Comm'r of SSA*, 699 F.3d 337, 340 (4th Cir. 2012); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020); *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). Yet in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

Plaintiff raises three challenges to the ALJ's decision: (1) the ALJ failed to fully develop the record, (2) the ALJ's finding at step four is not supported by substantial evidence, and (3) the ALJ erred by classifying Plaintiff's mental impairments as non-severe. As discussed below, the Court finds that none of these arguments warrant a remand of the ALJ's decision.

The Court finds that the ALJ's alleged failure to develop the record did not prejudice the Plaintiff. "Where the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be

remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980). Prejudice is established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence would have led to a different decision. *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984).

Here, Plaintiff cannot establish that additional evidence would have led to a different decision. Plaintiff argues that the ALJ failed to fully develop the record by initially preventing her from testifying about her prior work history. Instead of relying on Plaintiff's testimony, the ALJ recommended that the vocational expert (VE) should classify Plaintiff's prior work based on the work forms Plaintiff completed. After making this recommendation, the ALJ did allow Plaintiff to testify about her past work, but Plaintiff argues the VE's opinion had already been prejudiced by the ALJ's conduct. Doc. No. 13 at 9. According to Plaintiff, the ALJ's recommendation caused the VE to inaccurately classify Plaintiff's past relevant work as Chaperone DOT 352.677-014, light, unskilled, SVP 2. Doc. No. 13 at 7. But even if Plaintiff's argument is correct, the ALJ still would have found that Plaintiff was not disabled based on her ability to perform past relevant work as a production assembler. Therefore, the ALJ's alleged failure to fully develop the record did not prejudice the Plaintiff.

As for the Plaintiff's second argument, the Court finds that the ALJ's finding at step four is supported by substantial evidence. Plaintiff argues that the ALJ's finding at step four—that Plaintiff could perform past relevant work as a Chaperone, House Parent—was based on a mischaracterization of the VE's opinion, and thus was unsupported by substantial evidence. An ALJ may not cherry pick, misstate, or mischaracterize material facts. *Arakas v. Comm'r, Soc. Sec. Admin.,* 983 F.3d 83, 99 (4th Cir. 2020).

On January 9, 2020, the VE opined, in part, that Plaintiff's past work was consistent with the DOT entry for House Parent. (Tr. 59). The ALJ then suggested to the VE that Plaintiff's work was consistent with the DOT entry for "Parlor Chaperone." *Id.* In response, the VE stated that Parlor Chaperone was not the appropriate classification because it referred to someone supervising students at events such as a spring formal, rather than working with troubled children like those cared for in the facility Plaintiff once worked. *Id.*

Plaintiff argues that the ALJ mischaracterized the opinion of the VE by classifying Plaintiff's past relevant work as consistent with the DOT entry for Chaperone, House Parent, and finding Plaintiff capable of performing said position. (Tr. 24). However, the Chaperone, House Parent classification cited in the ALJ's decision is the very classification that the VE endorsed on January 9, 2020. (Tr. 59). It is true that the VE disagreed with the ALJ's suggested classification of Parlor Chaperone, but the ALJ did not include or even reference this classification in his final decision. (Tr. 24).

In sum, the ALJ's final decision cited the Chaperone, House Parent classification that was endorsed by the VE and omitted the Parlor Chaperone classification that was rejected by the VE. Accordingly, the ALJ's step four finding was not based on a mischaracterization of the VE's opinion. Therefore, the ALJ's finding at step four is supported by substantial evidence.

Lastly, the Court finds that there is substantial evidence to support the ALJ's classification of Plaintiff's mental impairments as non-severe. The ALJ primarily rested his conclusion that Plaintiff's mental impairments were non-severe on: (1) the objective medical examinations and (2) testimony from Plaintiff and her husband.

First, the ALJ discussed the objective medical evidence. The ALJ observed that at the time of Plaintiff's alleged onset date, Plaintiff was a fulltime health nurse caring for her disabled,

wheelchair bound husband, which requires an ability to adapt and manage oneself and manage another. (Tr. 16). Additionally, the ALJ referenced treatment notes which were negative for anxiety depression and sleep disturbances and indicated three times that Plaintiff was alert and oriented. *Id.* Plaintiff points to the opinion of her treating physician Jason A. Kilmer, D.O who noted that Plaintiff's anxiety and depression led to progressive fatigue and difficulty concentrating. (Tr. 368). However, treatment records from North Georgia Family Medicine revealed that Plaintiff did not suffer from fatigue or weakness and that she had normal thought and perception. (Tr. 23). The ALJ noted that nothing in the record of North Georgia Family Medicine indicates that Plaintiff has problems with attention or concentration. *Id.* The ALJ also addressed evidence provided by the Appalachian Community Services when discussing Plaintiff's residual functional capacity, noting that treatment records failed to reveal any problems with attention or concentration. *Id.* Accordingly, the ALJ's finding that Plaintiff's mental impairments were not severe is supported by the objective medical evidence.

Second, the ALJ also found that testimony given by the Plaintiff and her husband showed that her mental impairments were non-severe. Plaintiff testified that she struggles remembering places and names. However, her husband stated that she does not need help taking care of her personal needs nor does she need reminders to take her medication. (Tr. 15). Plaintiff also claims that she struggles with concentration. The ALJ characterized Plaintiff's difficulty with concentration as mild. (Tr. 16). Plaintiff testified that she uses Facebook, conducts research on the internet, and texts. *Id.* Plaintiff also stated that she attends church and church dinners weekly. *Id.* In addition, Plaintiff cares for her disabled husband. *Id.* The ALJ also noted that Plaintiff at times denied having depression and anxiety. *Id.*

As noted above, the ALJ is solely responsible for assessing a claimant's RFC, 20 C.F.R. §§ 404.1546(c) & 4.16946(c). Again, the task for this Court is not to determine how it would rule on Plaintiff's claim for disability in the first instance, but only whether there is substantial evidence to support the ALJ's ruling. The substantial evidence standard assumes a zone of choice within which the ALJ can go either way, without interference by the courts. A decision is not subject to reversal just because substantial evidence would have supported a contrary decision. *See Dunn v. Colvin*, 607 Fed. Appx. 264, 274 (4th Cir. 2015).

The Court has carefully reviewed the record, the authorities, and the parties' arguments. The ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 13) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 14) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

**SO ORDERED ADJUDGED AND DECREED.**

Signed: July 5, 2022

Kenneth D. Bell
United States District Judge